UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> WILLIAM ACOR, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:22-cr-00036-GMN-DJA <br><br> **ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION** |

Pending before the Court is Defendant William Acor's Motion for Sentence Reduction ("MSR"), (ECF No. 27). The Government filed a Response, (ECF No. 29), to which Defendant filed a Reply, (ECF No. 32).

The Court **DENIES** Defendant's Motion for Sentence Reduction because he has not met his burden of showing a reduction is warranted under the amendments to the United States Sentencing Guidelines.

I. **BACKGROUND**

In January 2023, Defendant pleaded guilty to one count of Willful Failure to Collect or Pay Over Employment Taxes in violation of 26 U.S.C. § 7202. (Judgment ("J."), ECF No. 24). Defendant had an initial total offense level of 22. (Sentencing Tr. 6:16–18, ECF No. 26). Defendant then received a two-level reduction for acceptance of responsibility under United States Sentencing Guideline ("U.S.S.G") § 3E.1.1(a) and an additional one-level reduction for acceptance of responsibility under § 3E.1.1(b)(2) for timely entering into a plea agreement, reducing his total offense level to 19. (*Id.* 6:19–7:3). With an offense level of 19, total criminal history score of zero, and a criminal history category of I, Defendant received a guideline imprisonment range of 30 to 37 months. (*Id.* 7:3–13). As part of Defendant's plea agreement,

the Government agreed to recommend "a term of imprisonment 6 months below the low-end of the advisory Guideline range as determined by the district court." (Plea Agreement 13:22–24, ECF No. 7).  Accordingly, the Government requested a 24-month term of custody at sentencing, arguing a downward variance was warranted because the Defendant entered "a guilty plea prior to indictment and saved the government substantial resources and showed strong acceptance of responsibility by doing so." (Sentencing Tr. 8:20–24).  The Court sentenced Defendant to 24 months' imprisonment. (J.).  Defendant then filed the instant Motion for Sentence Reduction, (ECF No. 27).

## II.    LEGAL STANDARD

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances. 18 U.S.C. § 3582(b).  Section 3582(c)(2) establishes an exception to the general principle of finality. *Dillon v. United States*, 560 U.S. 817, 824 (2010).  Specifically, § 3582(c)(2) provides,

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently lowered by the Sentencing Commission . . . ., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582.  Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. *Dillon*, 560 U.S. at 826.  Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.

///

## III. DISCUSSION

Defendant argues a reduction is warranted pursuant to a recent amendment to the Sentencing Guidelines, Amendment 821—the adjustment for certain zero-point offenders. (MSR 3:1–5:10) (relying on U.S.S.G. § 4C.1.). Pursuant to Amendment 821, certain defendants are eligible for a two-level reduction in their offense level. *See* U.S.S.G. § 4C.1 (codifying the criteria a defendant must meet to be eligible for a two-level reduction). Here, the Court need not determine whether Defendant meets these criteria because reduction of his sentence would not be consistent with the applicable policy statements and application notes.

As stated, Defendant's original total offense level was 19, meaning a two-level reduction under the zero-point offender provision would result in him receiving a new total offense level of 17. With a total offense level of 17, Defendant would receive an amended guideline range of 24 to 30 months. (Resp. 3:3–7, ECF No. 29). However, pursuant to the applicable policy statement, the Court cannot reduce Defendant's term of imprisonment below the minimum of the alleged guideline range—*i.e.*, below 24 months. *See* U.S.S.G. § 1B1.10(b)(2)(A) (explaining that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range"); *see also Dillon*, 560 U.S. at 826 ("The court is also constrained by the Commission's statements dictating by what amount the sentence of a prisoner serving a term of imprisonment affected by the amendment may be reduced.") (cleaned up). Because the Court's Judgment already imposed a 24-month sentence, which is the minimum of the new guideline range, the Court is precluded by the applicable policy statement from reducing Defendant's sentence pursuant to § 3582(c)(2).

Moreover, a sentence reduction is not warranted even when considering the Government agreed to recommend "a term of imprisonment 6 months below the low-end of the advisory
///

Guideline range as determined by the district court." (Plea Agreement 13:22–24).  In determining a sentence reduction is not warranted pursuant to this provision, the application notes to U.S.S.G. § 1B1.10(b)(2) are instructive.

Application note three to U.S.S.G. § 1B1.10(b)(2) specifies that "[i]f the term of imprisonment imposed was outside the guideline range applicable to the defendant at the time of sentencing, the limitation in subsection [§ 1B1.10](b)(2)(A)" preventing a court from imposing a term of imprisonment less than the minimum of the amended guideline range "also applies." U.S.S.G. § 1B1.10(b)(b)(2) app. n. 3.  The note then provides an example illustrating this limitation: A defendant had a guideline range at the time of sentencing of 70 to 87 months, but the court imposed a sentence of 56 months, constituting a downward departure or variance. *Id.*  Following a guideline amendment, the defendant's new guideline range is 51 to 63 months. *Id.*  Under U.S.S.G. § 1B1.10(b)(2)(A) the court could "reduce the defendant's term of imprisonment but shall not reduce it to a term less than 51 months." *Id.*  In essence, application note 3 demonstrates that a defendant cannot contend the downward variance they received at sentencing now entitles them to a downward variance below the minimum of their amended guideline range.

Because of the downward variance he received, Defendant's sentence of 24 months is the minimum of his amended guideline range.  Application note 3 makes clear that the Court cannot deviate from the limitation imposed in U.S.S.G. § 1B1.10(b)(2)(A) and issue a downward departure below 24 months.  Thus, a sentence reduction is inconsistent with U.S.S.G. § 1B1.10(b)(2)(A) and its application notes.  Accordingly, Defendant's Motion for Sentence Reduction is DENIED.[1]

///

---

[1] "Because Defendant does not qualify for the adjustment for zero-point offenders, the Court need not analyze the § 3553(a) factors." *United States v. Williams*, No. 04-cr-20065, 2023 WL 8082074, at *2 (S.D. Fla. Nov. 21, 2023).

**IV.    CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion for Sentence Reduction, (ECF No. 27), is **DENIED**.

**DATED** this   13   day of December, 2023.

_____
Gloria M. Navarro, District Judge
United States District Court